IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

THE CITY OF HUNTINGTON,
a West Virginia municipal corporation,

Plaintiff,

v.                                            CIVIL ACTION NO.   3:22-0402

THE LIFEHOUSE, INC.,
a West Virginia corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant The Lifehouse, Inc.'s Motion to Dismiss. ECF

No. 13. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

Plaintiff the City of Huntington ("Huntington" or "the City") is a municipal corporation of

the State of West Virginia within the Southern District of West Virginia. Am. Compl. ¶ 3, ECF

No. 10. As a city, Huntington has enacted a variety of municipal zoning, building, and fire codes.

*See id*. ¶¶ 3-6. Defendant The Lifehouse, Inc. ("The Lifehouse") is a West Virginia corporation

that operates "at least" fourteen properties within Huntington, which are variously described as

"sober living homes," "recovery residencies," or "apartment buildings" within the Amended

Complaint. *Id*. ¶ 7.

Huntington alleges that The Lifehouse has repeatedly refused to allow inspection of its

properties by the City, despite the requirement to do so under state and local law. *Id*. ¶¶ 24-25, 32.

In essence, the Amended Complaint asserts that The Lifehouse has claimed "reasonable accommodations" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 *et. seq.*, the Rehabilitation Act of 1973 ("RA"), as amended, 29 U.S.C. § 703 *et. seq.*, and the West Virginia Fair Housing Act ("WVFHA"), W. Va. Code § 5-11-1, *et. seq.* exempt all fourteen properties from compliance with every Huntington zoning ordinance and building and fire code provision. *Id.* ¶¶ 26-28, 34-37. Furthermore, the City alleges that The Lifehouse must meet inspection requirements under the West Virginia Alliance of Recovery Residences ("WVARR") certification program for sober living homes ("SLH"). *Id.* ¶¶ 23-25.

Accordingly, Plaintiff filed a declaratory judgment action asking this Court to find that the ADA, FHA, RA, and WVFHA do not exempt The Lifehouse from "the inspection requirements of the City's rental registry ordinance generally and that it is likewise subject to the inspection requirements" of WVARR certification. *Id.* ¶ 38.a. Further, Plaintiff asks that the Court find "[t]hat the accommodation request of [The] Lifehouse to fully exempt all Lifehouse locations from the operation of all zoning, building and safety laws is not reasonable under the reasonable accommodation provisions set forth in the ADA, the FHA, the RA[,] and the WVFHA." *Id.* ¶ 38.b.

On February 27, 2023, Defendant filed the instant Motion to Dismiss. ECF No. 13. In the Motion, The Lifehouse argues that the Court should not exercise declaratory judgment jurisdiction over the case, that Huntington has failed to allege an actual case or controversy (due to mootness or ripeness), and that the Court lacks jurisdiction under the well-pleaded complaint rule. Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 14. The matter has been fully briefed, *see* ECF Nos. 17 & 20, and is now ripe for resolution.

## II. ANALYSIS

Defendant's Motion to Dismiss is based on several grounds, contending that (1) the Court lacks subject matter jurisdiction, (2) Plaintiff has not alleged a justiciable case or controversy under Article III of the United States Constitution, and (3) that the Court should decline to hear the case pursuant to its discretionary authority under the Declaratory Judgment Act. The Court will consider each argument in turn.

### A.  Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. The Declaratory Judgment Act itself does not provide a basis for subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). The Act merely permits the district court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," in a case or controversy that is otherwise properly within its jurisdiction. 28 U.S.C. § 2201(a).

Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *rejected on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id*. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*.

On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id*. (citations omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (citations omitted).

The Lifehouse argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 14. The Amended Complaint alleges the Court has subject matter jurisdiction as the case or controversy arises under federal statutory law—the ADA, FHA, and RA. Am. Compl. ¶ 2. However, Defendant asserts that "the Plaintiff's [Amended] Complaint in essence seeks enforcement of purely state and local ordinances," only anticipating a federal defense, and therefore should be dismissed for lack of jurisdiction under the well-pleaded complaint rule. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 14-15. The Court interprets this Motion under Rule 12(b)(1) as a "facial attack" upon its jurisdiction, challenging the sufficiency of Huntington's allegations to state a controversy arising under federal law. *See Thigpen*, 800 F.2d at 401 n.15.

Federal district courts may exercise subject matter jurisdiction under 28 U.S.C. § 1331 when a case or controversy arises under federal law. Under the well-pleaded complaint rule, a case

or controversy arises under federal law only if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "It is not enough that there may be a defense grounded in federal law or that the complaint anticipates and rebuts such a defense." *Pressi v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). And yet, in an action for declaratory judgment "the federal right litigated may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). Labelled the "coercive action doctrine," this principal holds that federal question jurisdiction exists "if the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." *Id. See generally* Wright, et al., *Federal Practice & Procedure* § 3566 (3d ed.).

In this case, Huntington seeks a declaratory judgment that The Lifehouse does not possess certain rights under a variety of federal statutes (and the WVHRA). Am. Compl. at 12-13. Evidently, Huntington does not have the right to invoke any of those statutes in this dispute on behalf of itself. Huntington seeks only to fulfil its obligations under state and local law which The Lifehouse allegedly claims are stymied by the federal statutes. *See id.* ¶¶ 24-25, 32. While neither party has argued the applicability of the "coercive action doctrine" to the instant case, the Court is satisfied that the doctrine allows for federal question jurisdiction here.[1] Not only could The Lifehouse bring a claim arising under the federal statutes, but according to Huntington, Defendant has already invoked its rights under those statutes in correspondence with Plaintiff. Am.

---

[1] This also settles Defendant's brief argument that Plaintiff be required to explain its standing under the cited federal statutes. *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 16. The federal right sought to be litigated belongs to Defendant, not to Plaintiff, and Plaintiff therefore need not demonstrate standing under those statutes.

Compl. ¶ 26. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

**B.  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss brought under Federal Rule of Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all well-pleaded factual allegations in the complaint as true. *Id*. Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

Under Article III of the United States Constitution, this Court may not issue advisory opinions; an actual case or controversy is required, including in declaratory judgment actions.

*Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Therefore, "[t]o invoke federal jurisdiction, a plaintiff must show a 'personal stake' in the outcome of the action." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). Accordingly, if a dispute is "unripe" or "moot," the case must be dismissed under Rule 12(b)(6). "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies.'" *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149 (1967)). Similarly, a case may be mooted if the controversy extant at the time the complaint was filed is no longer "live." *Sanchez-Gomez*, 138 S. Ct. at 1537.

The Lifehouse argues that the allegations in the Amended Complaint are either unripe or moot. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 10-13. However, the Court finds that Defendant's contentions are dependent upon its preferred narrative of facts and, accordingly, cannot support a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. In making its arguments, Defendant alleges a disparate narrative from that stated in the Amended Complaint: that it has been complying with the City's requests for inspection, that the properties have already been inspected by the WVARR, and that the City is behaving unreasonably due to "some type of miscommunication or reluctance . . . to inspect." Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 11. Essentially, Defendant asks this Court to dismiss the case as either unripe or moot, asserting it has not behaved in the manner alleged in the Amended Complaint. In support of these contentions, Defendant has attached a variety of exhibits to its Motion—which the Court cannot consider in deciding a motion brought under Rule 12(b)(6) without converting that motion to one for summary judgment. Fed. R. Civ. P. 12(d); *see Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (discussing here-inapplicable exceptions to the general rule).

Plaintiff disputes any application of these new "facts" vociferously. *See* Mem. of Pl.'s Opp'n to Mot. to Dismiss at 13-14.

In considering a Motion to Dismiss brought under Rule 12(b)(6), the Court must accept all of the plaintiff's well-pleaded factual allegations as true when determining whether the complaint presents a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Here, Defendant has not challenged the ability of the allegations in the Amended Complaint to support the request for declaratory judgment. Rather, Defendant argues the veracity of the allegations. Accordingly, the Motion to Dismiss under Rule 12(b)(6) is **DENIED**.

### C.  The Declaratory Judgment Act

Finally, and similarly, Defendant asserts an alternative factual universe in arguing that the Court should not hear the case under the Declaratory Judgment Act. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 7-10; Def.'s Reply to Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 3-6.

The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to issue a declaratory judgment in a "case or controversy within [the court's] jurisdiction." Such relief "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn–America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted). On the other hand, whether a federal court chooses to hear a suit solely for declaratory relief is a matter of discretion. 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)).

As elucidated in *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937), a district court should decide a declaratory judgment action if a judgment will (1) "serve a useful purpose in clarifying and settling the legal relations in issue" and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id*. at 324. The courts should, however, avoid trying "particular issues without settling the entire controversy" and "interfer[ing] with an action which has already been instituted." *Id*.

Accordingly, the Fourth Circuit has expressed that courts should avoid determining issues "piecemeal" when deciding whether to hear a declaratory judgment action. *Id*. at 324-25. The Lifehouse's argument can be characterized as a list of hypothetical future disputes between itself and Huntington, which it claims makes this case unsuitable for "piecemeal" adjudication pursuant to the *Quarles* standard. Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 7-8; Def.'s Reply to Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 3-6 (repeatedly listing five potential areas of future dispute). In sum, Defendant asserts that this Court must adjudicate the exact reasonable accommodations it is entitled to under the federal statutes, rather than merely determining that what it allegedly asserted as "reasonable" is insufficient.

However, the Court finds that a judgment in the case would likely "serve a useful purpose" in settling the issue of whether The Lifehouse may avoid Huntington's inspections and regulations in totality. *See Quarles*, 92 F.2d at 324. While The Lifehouse avers that it has not asserted any such argument to the City, the Court must accept the facts of the controversy as they are presented in the Amended Complaint at the motion to dismiss stage. As presented in the Amended Complaint, The Lifehouse has claimed that the federal statutes it has invoked offer it a blanket

exemption from state and local housing, fire, and zoning laws as a "reasonable accommodation." *See* Am. Compl. ¶¶ 26-28, 34-37. Plaintiff has asked for a declaratory judgment holding that they do not. *Id*. at 12-13. Accordingly, if the Court were to grant the relief requested, it would resolve the underlying controversy as presented by the Amended Complaint. The Lifehouse's alternative assertions as to what kind of accommodations it has requested or may wish to obtain in the future— and how Huntington might or might not respond to those alternative accommodation requests— are irrelevant to this determination.

Moreover, "a district court may not refuse to entertain a declaratory judgment action out of whim or personal disinclination . . . but may do so only for good reason." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) *abrogated on other grounds by Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257–58 (1996) (internal quotation marks omitted) (citations omitted). The Lifehouse has not provided a good reason. The Motion to Dismiss is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant The Lifehouse, Inc.'s Motion to Dismiss (ECF No. 17) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        July 13, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-10-