IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THE CITY OF HUNTINGTON,
a West Virginia municipal corporation,

           Plaintiff,

v.                                      CIVIL ACTION NO.   3:22-0402

THE LIFEHOUSE, INC.,
a West Virginia corporation,

           Defendant.

**ORDER**

Before the Court is Plaintiff's Motion to Stay Counterclaims Pending Resolution of the City's Declaratory Judgment Action. ECF No. 36. Upon review, the Court **DENIES** this motion.

The decision to grant a stay is "discretionary" and within the "inherent power" of the district. *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461 (S.D. W. Va. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When deciding to issue a stay, the district court must "weigh competing interests and maintain an even balance." *Id.* (citation omitted). This includes considering the "interests of judicial economy," the "hardship and equity to the moving party if the action is not stayed," and the "potential prejudice to the non-moving party." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008). The party seeking the stay bears the burden of persuasion. *See Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983).

Weighing these factors, the Court finds a stay is not warranted. *First*, judicial economy is best served by preserving the current scheduling order. A stay would require creating a new scheduling order outlining two discovery timelines and two dispositive motion deadlines. *Second*,

Plaintiff will not be harmed absent a stay. The parties have previously filed stipulations modifying discovery deadlines. *See, e.g.*, ECF No. 43. The Court expects this amicable relationship to continue should discovery disputes arise. *See Wonderland Switzerland. AG v. Britax Child Safety, Inc.*, 2020 WL 705122, at *1 (D.S.C. Dec. 2, 2020) ("[C]areful drafting of the scheduling order . . . can achieve efficiencies for both the court and the parties without a stay."). *Finally*, a stay will cause prejudice to Defendants who would need to bifurcate and duplicate their discovery efforts and dispositive motions. Moreover, several of Defendants' claims are unrelated to Plaintiff's declaratory judgment requests. *See, e.g.*, Defendant's Amended Answer ¶¶ 74–87 (West Virginia Freedom of Information Act claim). A stay would only delay their resolution.

Accordingly, the Court **DENIES** Plaintiff's request for a stay of Defendant's counterclaims pending resolution of its declaratory judgment action. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 4, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE